**No. 22-11187-BB**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

OMAR SANTOS and AMANDA CLEMENTS,
individually, and on behalf of all others similarly situated,

Plaintiffs-Appellants,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant-Appellee.

———————————

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 1:19-cv-23084-KMW

———————————

## BRIEF FOR PLAINTIFFS-APPELLANTS

———————————

Peter Prieto
Matthew P. Weinshall
**Podhurst Orseck, P.A.**
Suntrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
305-358-2800

Dennis McCarty
Jonathan Raburn
**McCarty & Raburn PLLC**
2931 Ridge Road, Suite 101 #504
Rockwall, Texas 75032
214-296-9240

Roland Tellis
**Baron & Budd, P.C.**
15910 Ventura Blvd., Suite 1600
Encino, California 91436
214-521-3605

Catherine H. Dorsey
**Baron & Budd, P.C.**
600 New Hampshire Ave., NW
Suite 10-A
Washington, DC 20037
202-333-4562

*Counsel for Plaintiffs*

*Omar Santos, et al. v. Experian Information Solutions, Inc.*, No. 22-11187-BB

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In compliance with Local Rule 26.1-1, the undersigned certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporations that own 10% or more of the party's stock and other identifiable legal entities related to a party:

1.    Baron & Budd, P.C., counsel for plaintiffs.

2.    Central Source LLC, U.S.-based indirect subsidiary of Experian plc that is not wholly owned.

3.    Clements, Amanda, plaintiff.

4.    Del Riego, Alissa, counsel for plaintiffs.

5.    Dorsey, Catherine H., counsel for plaintiffs.

6.    Experian Holdings, Inc., parent company of defendant Experian Information Solutions, Inc.

7.    Experian Information Solutions, Inc., defendant. Experian Information Solutions, Inc. is a wholly owned subsidiary of Experian

*Omar Santos, et al. v. Experian Information Solutions, Inc.*, No. 22-11187-BB

Holdings, Inc., and the ultimate parent company is Experian plc. As ultimate parent company, Experian plc owns 100% of Experian Information Solutions, Inc.

8.    Experian plc (EXPN:LON), indirect parent company of Experian Holdings, Inc. and ultimate parent company of defendant Experian Information Solutions, Inc.

9.    Gravante, John, counsel for plaintiffs.

10.    Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolutions Services ("ARS"), former defendant. According to its disclosure in the district court, no publicly owned company owns 10% or more of the stock of ARS.

11.    Jones Day, counsel for defendant.

12.    Lehn, Christina Mastrucci, counsel for defendant.

13.    McCarty, Dennis, counsel for plaintiffs.

14.    McCarty & Raburn PLLC, counsel for plaintiffs.

15.    New Management Services LLC, U.S.-based indirect subsidiary of Experian plc that is not wholly owned.

16.    Online Data Exchange LLC, U.S.-based indirect subsidiary of Experian plc that is not wholly owned.

17.    Opt-Out Services LLC, U.S.-based indirect subsidiary of Experian plc that is not wholly owned.

18.    Podhurst Orseck, P.A., counsel for plaintiffs.

19.    Prieto, Peter, counsel for plaintiffs.

20.    Raburn, Jonathan, counsel for plaintiffs.

21.    Santos, Omar, plaintiff.

22.    Soto, Cristina Pérez, counsel for defendant.

23.    Taylor, William, counsel for defendant.

24.    Tellis, Roland, counsel for plaintiffs.

25.    Torres, Hon. Edwin G., United States Magistrate Judge.

26.    VantageSource Solutions LLC, U.S.-based subsidiary of Experian plc that is not wholly owned.

27.    Vogt, John, counsel for defendant.

28.    Weinshall, Matthew P., counsel for plaintiffs.

29.    Williams, Hon. Kathleen M., United States District Judge.

*s/ Matthew P. Weinshall*
MATTHEW P. WEINSHALL

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiffs respectfully submit that oral argument may facilitate the Court's resolution of this appeal. The case presents an important question concerning the proper interpretation of the Fair Credit Reporting Act. The district court's counter-textual view of the statute led it to deny class certification for the claims of 2.1 million consumers. Resolving this important question of federal law warrants the extra scrutiny that oral argument affords.

# TABLE OF CONTENTS

**Page**

STATEMENT REGARDING ORAL ARGUMENT ..................................i

INTRODUCTION.................................................................................1

STATEMENT OF JURISDICTION.........................................................3

STATEMENT OF THE ISSUE..................................................................3

STATEMENT OF THE CASE ..................................................................4

    A.    Factual Background.....................................................4

    B.    Procedural History ......................................................6

        1.    The Complaint ..................................................6

        2.    The District Court's Ruling On
            Experian's Motion For Summary
            Judgment ...........................................................7

        3.    The Magistrate Judge's Report And
            Recommendation On Class Certification ............8

        4.    The District Court's Adoption Of The
            Magistrate Judge's Report And
            Recommendation And This Appeal ......................9

SUMMARY OF ARGUMENT ...............................................................10

STANDARD OF REVIEW.......................................................................12

ARGUMENT ........................................................................ 13

I.  THE DISTRICT COURT ERRED IN
    CONCLUDING THAT PLAINTIFFS' FCRA CLAIM
    FOR STATUTORY DAMAGES REQUIRES PROOF
    OF A DENIAL OF CREDIT OR ACTUAL
    DAMAGES. .......................................................... 15

    A.  The District Court's Decision Cannot Be
        Squared With The Text Of The Statute. ..................... 15

    B.  The District Court Misapplied This Court's
        Precedents. ................................................ 22

    C.  The District Court's Decision Conflicts With
        Precedents From The Supreme Court And
        Numerous Circuit Courts ........................................ 29

II. AS A RESULT OF ITS LEGAL ERROR, THE
    DISTRICT COURT ABUSED ITS DISCRETION IN
    CONCLUDING THAT PLAINTIFFS FAILED TO
    SATISFY RULE 23(b)(3)'s PREDOMINANCE
    REQUIREMENT.................................................... 33

CONCLUSION ...................................................................... 43

CERTIFICATE OF COMPLIANCE............................................. 44

CERTIFICATE OF SERVICE................................................... 45

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allapattah Servs., Inc. v. Exxon Corp.,*
    333 F.3d 1248 (11th Cir. 2003) ............................................... 34, 36, 38

*Armstrong v. Martin Marietta Corp.,*
    138 F.3d 1374 (11th Cir. 1998) ......................................................... 12

*\*Beaudry v. TeleCheck Servs., Inc.,*
    579 F.3d 702 (6th Cir. 2009) ....................................................... 18, 32

*Birmingham v. Experian Info. Sols., Inc.,*
    633 F.3d 1006 (10th Cir. 2011) ......................................................... 32

*Brown v. Electrolux Home Prod., Inc.,*
    817 F.3d 1225 (11th Cir. 2016) ......................................................... 39

*Cahlin v. Gen. Motors Acceptance Corp.,*
    936 F.2d 1151 (11th Cir. 1991) .................................................... passim

*Carriuolo v. General Motors Co.,*
    823 F.3d 977 (11th Cir. 2016) ........................................................... 12

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media,*
    140 S. Ct. 1009 (2020) ...................................................................... 20

*Dep't of Homeland Sec. v. MacLean,*
    574 U.S. 383 (2015) .......................................................................... 17

*Doe v. Chao,*
    540 U.S. 614 (2004) ............................................................... 20, 21, 22

*Duncan v. Walker,*
    533 U.S. 167 (2001) .......................................................................... 19

*Edwards v. Prime, Inc.,*
    602 F.3d 1276 (11th Cir. 2010) ......................................................... 28

iv

*Enwonwu v. Trans Union, LLC,*
164 F. App'x 914 (11th Cir. 2006) ........................................................28

*Erickson v. First Advantage Background Servs. Corp.,*
981 F.3d 1246 (11th Cir. 2020) ............................................................27

*Feliciano v. CoreLogic Rental Prop. Sols., LLC,*
332 F.R.D. 98 (S.D.N.Y. 2019) ...........................................................38

*Hammer v. Sam's E., Inc.,*
754 F.3d 492 (8th Cir. 2014) ...............................................................32

*Harris v. Mexican Specialty Foods, Inc.,*
564 F.3d 1301 (11th Cir. 2009) ..............................................24, 25, 29

*Heffner v. Blue Cross & Blue Shield of Alabama, Inc.,*
443 F.3d 1330 (11th Cir. 2006) ............................................................14

*In re BFW Liquidation, LLC,*
899 F.3d 1178 (11th Cir. 2018) ............................................................28

*Jackson v. Equifax Info. Servs., LLC,*
167 F. App'x 144 (11th Cir. 2006) ........................................................28

*Kirkpatrick v. J.C. Bradford & Co.,*
827 F2d 718 (11th Cir. 1987) ...............................................................14

*Klay v. Humana, Inc.,*
382 F.3d 1241 (11th Cir. 2004) ............................................................34

*Klay v. United Healthgroup, Inc.,*
376 F.3d 1092 (11th Cir. 2004) ............................................................12

*Legg v. Spirit Airlines, Inc.,*
315 F.R.D. 383 (S.D. Fla. 2015) ..........................................................37

*Levine v. World Fin. Network Nat. Bank,*
437 F.3d 1118 (11th Cir. 2006) ..............................................22, 23, 29

*Losch v. Nationstar Mortg. LLC,*
995 F.3d 937 (11th Cir. 2021) ..............................................................27

*McIntyre v. RealPage, Inc.,*
    336 F.R.D. 422 (E.D. Pa. 2020) ........................................................... 37

*Muranksy v. Godiva Chocolatier, Inc.,*
    979 F.3d 917 (11th Cir. 2020) ............................................................ 42

*Murray v. GMAC Mortg. Corp.,*
    434 F.3d 948 (7th Cir. 2006) ........................................................ 33, 37

*Nagle v. Experian Info. Sols., Inc.,*
    297 F.3d 1305 (11th Cir. 2002) .......................................................... 27

*Paroline v. United States,*
    572 U.S. 434 (2014) ............................................................................ 17

*Ray v. Equifax Info. Servs., LLC,*
    327 F. App'x 819 (11th Cir. 2009) ...................................................... 28

*Reyes v. Experian Info. Sols., Inc.,*
    No. 16-cv-00563, 2019 WL 4854849 (C.D. Cal. Oct. 1, 2019) ............. 38

*Robins v. Spokeo, Inc.,*
    867 F.3d 1108 (9th Cir. 2017) .................................................. 31, 32, 42

*Safeco Ins. Co. of Am. v. Burr,*
    551 U.S. 47 (2007) ........................................................................ 16, 29

*Sellers v. Rushmore Loan Mgmt. Servs., LLC,*
    941 F.3d 1031 (11th Cir. 2019) ...................................................... 35, 39

*Smith v. Marcus & Millichap, Inc.,*
    991 F.3d 1145 (11th Cir. 2021) .......................................................... 15

*Spokeo, Inc. v. Robins,*
    578 U.S. 330 (2016) ...................................................................... 29, 32

*Stillmock v. Weis Markets, Inc.,*
    385 F. App'x 267 (4th Cir. 2010) ................................................... 32, 37

*\*TransUnion LLC v. Ramirez,*
    141 S. Ct. 2190 (2021) ...................................................... 30, 31, 41, 42

*Turner v. Beneficial Corp.*,
  242 F.3d 1023 (11th Cir. 2001) ........................................................ 12

*\*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016) ................................................ 33, 34, 36, 38

*Vega v. T-Mobile USA, Inc.*,
  564 F.3d 1256 (11th Cir. 2009) ........................................................ 13

*Williams v. Mohawk Industries, Inc.*,
  560 F.3d 1350 (11th Cir. 2009) ........................................................ 14

*Wooden v. Bd. of Regents of Univ. Sys. of Ga.*,
  247 F.3d 1262 (11th Cir. 2001) ........................................................ 12

## Statutes

15 U.S.C. § 1681n(a) (1991)............................................................25

15 U.S.C. § 1681n(a)(1)(A)................................................... passim

15 U.S.C. § 1681n(a)(1)(B)........................................... 18, 19, 20

15 U.S.C. § 1681e(b) ................................................... 6, 16, 23

15 U.S.C. § 1681o ................................................................ 17, 26

28 U.S.C. § 1292(e) ................................................................3

5 U.S.C. § 552a(g)(4)............................................................21

## Rules

Fed. R. Civ. P. 23(a)............................................................ 13, 14

Fed. R. Civ. P. 23(b)(3) ........................................... passim

Fed. R. Civ. P. 23(f) ............................................................3

## Other Authorities

Antonin Scalia & Bryan A. Garner,
  Reading Law: The Interpretation of Legal Texts (2012)....................19

vii

## INTRODUCTION

This appeal challenges the district court's denial of class certification, which rests on a clear misreading of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). The FCRA provides a cause of action for willful violations of the statute, under which consumers may recover either actual damages or statutory damages in a range between $100 and $1,000. 15 U.S.C. § 1681n(a)(1)(A). Plaintiffs Omar Santos and Amanda Clements, on behalf of themselves and a class of 2.1 million consumers, asserted such a claim against Defendant-Appellee Experian Information Solutions, Inc. ("Experian"), seeking statutory damages—in lieu of actual damages. The sole basis for the district court's decision denying class certification, however, was its belief that the FCRA requires Plaintiffs—who are only seeking statutory damages—to also prove actual damages, in the form of a denial of credit, from Experian's willful violation of the statute.

The district court's decision cannot be squared with the text of the FCRA. Violating a cardinal rule of statutory interpretation, the district court made no effort to ground its decision in the statutory text. Instead, it relied on a superseded holding from an opinion construing an

1

older version of the FCRA, which was later amended to add the statutory damages remedy that Plaintiffs have elected.

Decisions of this Court and the Supreme Court regarding the amended FCRA make clear that statutory damages are available as an alternative to actual damages for willful violations of the statute. But the district court failed to grapple with these authorities. Rather, its flawed analysis was limited to whether the opinion construing the older version of the FCRA continues to be cited by this Court, without examining the context of such citations or their applicability to the issue in this dispute. To be sure, a few statements from this Court's opinions have fostered confusion in lower courts about the elements of an FCRA willful violation claim. But a careful examination of these statements reveals that they are either inapplicable to willful violation claims for statutory damages or mere dicta.

Correcting the district court's counter-textual interpretation of the FCRA requires reversal of its denial of class certification. The sole basis for the district court's decision on class certification was its erroneous view that each class member would be required to prove actual damages, which, the court reasoned, would require

individualized inquires and preclude a finding of predominance under Rule 23(b)(3). Because the district court's analysis is premised on the wrong legal standard, it abused its discretion in denying class certification. Accordingly, this Court should reverse the denial of class certification and remand for further proceedings.

## STATEMENT OF JURISDICTION

The district court denied class certification on December 21, 2021. App. A (DE 184).[1]  On January 4, 2022, Plaintiffs timely filed their Petition for Permission to Appeal the Denial of Class Certification under Rule 23(f) of the Federal Rules of Civil Procedure.  This Court granted Plaintiffs' petition on April 15, 2022.  Accordingly, the Court has jurisdiction over this appeal pursuant to Federal Rule of Civil Procedure 23(f) and 28 U.S.C. § 1292(e).

## STATEMENT OF THE ISSUE

Whether the district court abused its discretion in denying class certification based on its belief, contrary to the text of the statute and

---

[1] "App. __" refers to the Appendix, specified tab, and if applicable, page number.  "DE __" refers to the specified docket number and, if applicable, page number.  For documents that were filed under seal, such as Plaintiffs' unredacted motion for class certification and exhibits thereto (DE 134), the docket entry of the sealed filing and, if applicable, internal exhibit number and page number are referenced.

numerous authorities, that 15 U.S.C. § 1681n(a)(1)(A) requires Plaintiffs to prove actual damages, such as a denial of credit, to prevail on their claims for statutory damages under the FCRA.

## STATEMENT OF THE CASE

### A.    Factual Background

Plaintiffs allege that Experian, a consumer credit reporting agency, disseminated to third parties credit reports about Plaintiffs and the proposed class of 2.1 million consumers with inaccurate information.[2] The inaccuracy, common to all Plaintiffs and class members, concerned the date that each consumer's account with a medical debt collector, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolutions Services ("ARS"),[3] entered its current status.[4] During the class period, Experian systematically and intentionally

---

[2] App. 1 at 4–5; DE 134 at Ex. 7 (Experian's Responses to Plaintiffs' Requests for Admission) at Nos. 1–2; DE 134 at Ex. 21 (Experian's Second Supplemental Interrogatory Responses) at Nos. 1, 4, & 5.

[3] ARS was named as a defendant but subsequently dismissed. DE 161.

[4] DE 134 at Ex. 7 at Nos. 1–2; DE 86-2 at SANTOS-EXP-000192-3; DE 86-4 at SANTOS-EXP-000250-1; DE 86-5 at CLEMENTS-EXP-000025; DE 86-7 at CLEMENTS-EXP-000058.

erased payment-history information for all ARS accounts.[5] The automated deletion of this data caused the "Date of Status"—an Experian-generated date that alerts third parties to the date that an account entered collections status—on all ARS accounts to erroneously display the current month, every month, in credit reports sent to third parties.[6] This uniform, systematic conduct by Experian—all stemming from a single setting in Experian's computer system—created the misleading impression that Plaintiffs' and class members' ARS debts entered collections status more recently than they really did.[7] In other words, Experian incorrectly informed third parties that Plaintiffs and class members had recently defaulted on their payment obligations.[8]

The inaccurate information that Experian reported to third parties was material, concerning the creditworthiness of Plaintiffs and class members. Plaintiffs' expert witness attested to the materiality of

---

[5] DE 134 at Ex. 11 (Experian's Interrogatory Responses) at Nos. 16–17; DE 134 at Ex. 12 (Howland Dep.) at 18:2–19:9; 35:13–18; DE 134 at Ex. 13 (Finneran Dep.) at 42:3–22.

[6] *Id.*; DE 134 at Ex. 8 (Experian Product Sheet) at Santos-EXP-002907.

[7] DE 134 at Ex. 10 (Hendricks Report) at 3–6, 12–16, 19.

[8] *Id.*

the inaccuracies that Experian published, explaining that they created the misleading impression that Plaintiffs' and class members' financial condition was deteriorating now, rather than in the past.[9] Experian's own corporate designee admitted that an account that entered collections more recently would have a greater adverse effect on a consumer than an account that entered collections years ago.[10] And internal communications among Experian's own employees acknowledge the adverse impacts of these inaccuracies.[11]

### B.    Procedural History

#### 1.    The Complaint

On July 24, 2019, Plaintiffs filed a class action complaint against Experian for statutory damages, alleging that Experian's conduct constituted a willful violation of the FCRA's duty to "follow reasonable procedures to assure maximum possible accuracy," 15 U.S.C. § 1681e. App. 1 at 10–13.  The complaint did not seek actual damages. *Id.* at 15.

---

[9] *Id.*

[10] DE 134 at Ex. 9 (Cave Dep.) at 52:16–20; 53:15–19; 64:25–65:18.

[11] DE 134 at Ex. 16 at SANTOS-EXP-003250.

Although Experian first moved to dismiss the complaint, it ultimately withdrew the motion and filed an answer. App. 46.

### 2. The District Court's Ruling On Experian's Motion For Summary Judgment

Experian moved for summary judgment on March 6, 2020, DE 39, on the ground that Plaintiffs failed to prove actual damages (in the form of a denial of credit), which Experian contended was a required element of an action for a willful violation of the FCRA. App. 83 at 6. Plaintiffs opposed, explaining that the FCRA does not require proof of actual damages in an action for statutory damages. App. 83 at 6; *see also* DE 48 at 1–2, 6–14.

On March 22, 2021, the district court adopted Experian's view of the FCRA but denied its motion for summary judgment. App. 83 at 12. Relying on this Court's decision in *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991), the district court held that a consumer bringing an FCRA claim must prove that a credit reporting agency's "'alleged inaccurate report caused him harm.'" App. 83 at 6–7. The district court rejected Plaintiffs' argument that *Cahlin* is inapplicable because it addressed an earlier version of the FCRA which, at that time, did not include an action for statutory damages. App. 83

7

at 6–8.  The district court reasoned that this Court has "not overturned *Cahlin*." App. 83 at 7–8. As a result, the district court held that, "to prevail, Plaintiffs must ultimately prove that Experian's consumer report was inaccurate and that the inaccurate report caused [Plaintiffs] to suffer damages."  App. 83 at 11 (internal quotation omitted).  But, because the court found that there was a genuine issue of material fact as to whether the alleged inaccurate credit reports resulted in credit denials for Plaintiffs, the court denied Experian's request for summary judgment.  App. 83 at 8–10.

### 3.    The    Magistrate    Judge's    Report    And Recommendation On Class Certification

On April 5, 2021, Plaintiffs filed a motion for class certification. App. 86.  Pursuant to Federal Rule of Civil Procedure 23(b)(3), Plaintiffs sought to certify the following class:

> All consumers in the United States whose Experian credit reports had an account or accounts reported by ARS with an inaccurately displayed Date of Status and were viewed by one or more third parties from July 24, 2017 through September 30, 2019.

App. 86 at 12.   The district court referred Plaintiffs' motion to a magistrate judge for a report and recommendation.  App. A (DE 114).

8

On October 27, 2021, the magistrate judge issued a report and recommendation to deny class certification. App. 147. The report and recommendation rested entirely on the district court's summary judgment order, which the report called "a roadblock to Plaintiffs' position." App. 147 at 7. The report reasoned that the purported requirement to "show a denial of credit," which would entail "an individual and highly factual determination" for each of the 2.1 million class members, precluded a finding of predominance under Rule 23(b)(3). App. 147 at 9. The report and recommendation did not consider any other criteria of Rule 23 to support its decision. *Id.*

### 4. The District Court's Adoption Of The Magistrate Judge's Report And Recommendation And This Appeal

On November 5, 2021, Plaintiffs filed objections to the report and recommendation, reiterating that requiring actual damages or credit denial was inconsistent with the text of the FCRA and precedent. DE 150. On December 21, 2021, without hearing argument or addressing the text of the FCRA or the authorities cited by Plaintiffs, the district court, with a paperless docket entry, affirmed and adopted the report

and recommendation, thus denying Plaintiffs' motion for class certification.  App. A (at DE 184).

Pursuant to Federal Rule of Civil Procedure 23(f), Plaintiffs filed a petition for permission to appeal the denial of class certification on January 4, 2022.  On April 15, 2022, this Court granted Plaintiffs' petition. And on May 23, 2002, the district court stayed the underlying case pending resolution of this appeal.  App. A (DE 197).

## SUMMARY OF ARGUMENT

The district court abused its discretion in denying class certification because it applied the wrong legal standard.  The district court's sole reason for finding that Rule 23(b)(3)'s predominance requirement was not satisfied, and thus denying class certification, was its erroneous understanding of the FCRA. The district court misunderstood § 1681n(a)(1)(A) to require a plaintiff asserting a willful violation claim and exclusively seeking statutory damages to also prove actual damages. The court's interpretation clashes with the text of § 1681n(a)(1)(A), which makes plain that statutory damages are an alternative to actual damages for willful violations of the FCRA. Consistent with the text of the statute, numerous courts of appeals,

including this Court, have recognized that proof of actual damages is not required to recover statutory damages.

The district court, however, declined to follow these authorities, because it incorrectly determined that it was bound by *Cahlin v. General Motors Acceptance Corp.*, 936 F2d 1151 (11th Cir. 1991), which addressed an earlier version of the FCRA that did not include the crucial statutory damages provision at issue here. *Cahlin* has no bearing on the elements of a statutory damages claim, which only became available five years after *Cahlin* was decided, when the FCRA was amended to add the statutory damages provision.

The district court's mistaken view of § 1681n(a)(1)(A) was the sole basis for its determination that individual damages issues would predominate and defeat class certification. Under the correct standard, there will be no individualized damages issues because Plaintiffs and the proposed class will not be seeking—and need not prove—actual damages. Rather, Experian's liability for statutory damages will turn on whether it willfully violated the FCRA by systematically and automatically erasing payment history information on class members' credit reports, resulting in the dissemination of inaccurate credit

reports to third parties. And to prove this, Plaintiffs will rely on generalized evidence of Experian's uniform conduct that is common to all class members, satisfying the predominance requirement of Rule 23(b)(3).

The district court reached the opposite conclusion only because it misconstrued the FCRA. This Court should reverse the district court's denial of class certification and remand for further proceedings under the correct legal standard.

## STANDARD OF REVIEW

Although this Court reviews class certification rulings for abuse of discretion, *see, e.g.*, *Carriuolo v. General Motors Co.*, 823 F.3d 977, 981 (11th Cir. 2016), "[t]he district court's reading of the law that controls its discretionary certification decision is of course reviewed de novo for error," *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1388 n.30 (11th Cir. 1998) (en banc); *accord Turner v. Beneficial Corp.*, 242 F.3d 1023, 1025 (11th Cir. 2001). A district court abuses its discretion if it applies an incorrect legal standard. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004); *accord Wooden v. Board of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1288 (11th Cir. 2001).

## ARGUMENT

For a district court to certify a class action, the putative class must satisfy the requirements of Federal Rule of Civil Procedure 23(a), as well as one of the requirements in Rule 23(b). *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009).[12] To satisfy Rule 23(b)(3), which is the provision invoked here, Plaintiffs must show that: (1) common questions of law or fact predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods for adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3); *Vega*, 564 F.3d at 1265.

The district court concluded that Plaintiffs did not satisfy the first prong of Rule 23(b)(3), the predominance requirement, because, in its view, to recover statutory damages under the FCRA, Plaintiffs would first need to establish actual damages in the form of a denial of credit,

---

[12] Rule 23(a) requires a plaintiff to establish that: (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims or defense of the class representatives are typical of the class members; and (4) the named representatives can adequately represent the class. Fed. R. Civ. P. 23(a). Because the district court found Rule 23(b)(3) was not satisfied, it never reached the Rule 23(a) factors. Nonetheless, all Rule 23(a) factors are satisfied here, as explained in Plaintiffs' motion for class certification. App. 86; DE 134.

which would entail countless individualized, fact-bound determinations. App. 147 at 9–10; App. A (DE 184) (adopting magistrate judge's report and recommendation). As explained below, however, a plaintiff is *not* required to prove actual damages in an FCRA action for *statutory* damages. Thus, the district court committed legal error in concluding that Plaintiffs did not satisfy the predominance requirement of Rule 23(b)(3) for that reason.

Because the district court's denial of class certification was premised on legal error, it abused its discretion, and this Court should reverse and remand for further proceedings. *See, e.g.*, *Williams v. Mohawk Indus., Inc.*, 560 F.3d 1350, 1359 (11th Cir. 2009) (remanding for consideration of predominance issue under Rule 23(b)(3) where district court erroneously found that class did not satisfy Rule 23(a)); *Heffner v. Blue Cross & Blue Shield of Alabama, Inc.*, 443 F.3d 1330, 1345–46 (11th Cir. 2006) (where district court errs in its class certification analysis, appropriate remedy is to remand for requisite analysis); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F2d 718, 725, 728 (11th Cir. 1987) (remanding where district court abused its discretion in determining that Rule 23(b)(3) was not satisfied).

14

## I.    THE DISTRICT COURT ERRED IN CONCLUDING THAT PLAINTIFFS' FCRA CLAIM FOR STATUTORY DAMAGES REQUIRES PROOF OF A DENIAL OF CREDIT OR ACTUAL DAMAGES.

### A.    The District Court's Decision Cannot Be Squared With The Text Of The Statute.

Plaintiffs have asserted a statutory claim, so the language of the statute should matter. "[I]n any case of statutory construction, [the Court's] analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1161 (11th Cir. 2021) (internal quotation marks omitted). The district court broke this cardinal rule of statutory construction.  Neither its denial of class certification (App. 147)[13] nor the summary judgment order upon which it relied (App. 83) analyzed the language of the FCRA to support its conclusion that actual damages or a denial of credit is an element of Plaintiffs' claim for statutory damages. Nor can the language of the statute be squared with the district court's conclusion.

---

[13]    Plaintiffs reference the Magistrate Judge's report and recommendation (App. 147) because the district court adopted it through a paperless order (App. A (DE 184)), without articulating additional reasoning.

15

Plaintiffs' claim involves two provisions of the FCRA. First, 15 U.S.C. § 1681e(b) imposes a conduct requirement on Experian, providing, in pertinent part:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

*Id.* Second, 15 U.S.C. § 1681n(a) gives Plaintiffs a right of action for a willful violation of the FCRA,[14] providing, in pertinent part:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>
> (1)  (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000[.]

*Id.* Where is the language in either provision that creates a denial-of-credit or actual-damages element for a claim seeking statutory

---

[14] A willful violation under the FCRA includes "not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 55 U.S. 47, 57 (2007). A defendant acts in reckless disregard if his action "is not only a violation under a reasonable reading of the statute's terms, but shows that [the defendant] ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

damages, *i.e.*, "damages of not less than $100 and not more than $1,000," like Plaintiffs' claims here? The district court provided no answer—because there is no such language.

Rather, the disjunctive "or" within § 1681n(a)(1)(A) establishes just the opposite. That intentional use of "or" creates a choice of recovering "any actual damages sustained by the consumer as a result of the failure" to comply with the FCRA *or* "damages of not less than $100 and not more than $1,000." *Id.* Unlike the clause for "actual damages," which imposes a causation element with "as a result of the failure" language,[15] the corresponding clause for statutory damages omits such language, making clear that there is no causation or actual damages requirement for statutory damages. *See Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 391 (2015) ("Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another.").

This conclusion finds additional support in the contrast between the language of § 1681*n* and the language of § 1681*o*, which governs

---

[15] *See Paroline v. United States*, 572 U.S. 434, 445 (2014) ("The words 'as a result of' plainly suggest causation.").

negligent violations of the FCRA. When Congress amended section 1681*n* in 1996 to permit recovery of statutory damages for willful violations, it did not similarly amend section 1681*o* to permit statutory damages for negligent violations. *See* 15 U.S.C. § 1681o; *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705–06 (6th Cir. 2009). Congress's "exclu[sion of] the statutory-damages option in negligence cases" reinforces the conclusion that a "*willfulness* claimant[]" need not "wait for unreasonable credit reporting procedures to result in the denial of credit or other consequential harm before enforcing her statutory rights." *Beaudry*, 579 F.3d at 705–06.

Aware that the district court's decision lacked a textual foundation, Experian tried to invent one in response to Plaintiffs' objections. (DE 151 at 5–6.) Experian argued that the word "damages," by itself, incorporates a causation-of-harm element, as the statute's next subparagraph, § 1681n(a)(1)(B), does not use the word "damages" in providing that a plaintiff may recover from a natural person who obtains a credit report under false pretenses "actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater." (DE 151 at 5–6.)

18

But this argument is unavailing for two reasons. First, it renders "actual" and "as a result of" in § 1681n(a)(1)(A) superfluous—under Experian's reading, "damages" itself does the work of "actual" and "as a result of"—which would violate another "cardinal principle of statutory construction." *Duncan v. Walker*, 533 U.S. 167, 174 (2001); *accord, e.g.*, Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (2012) ("If possible, every word and every provision is to be given effect . . . . None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").

Second, Experian ignores the distinct structure of § 1681n(a)(1)(B). Unlike § 1681n(a)(1)(A), which requires Plaintiffs to elect uncapped actual damages or statutory damages in a range between $100 and $1,000, § 1681n(a)(1)(B) does not establish a range for statutory damages, but instead provides for a minimum of $1,000 or actual damages, whichever is greater. The word "damages" in § 1681n(a)(1)(A) clarifies that the range of "not less than $100 and not more than $1,000" is an alternative to "actual damages." Without it, the provision would read: "any actual damages sustained by the

consumer as a result of the failure or not less than $100 and not more than $1,000." Such a provision would create confusion as to whether "and not more than $1,000" capped the amount of actual damages that a plaintiff could recover. In contrast, § 1681n(a)(1)(B) is structured differently and does not require the language "damages of" before $1,000 for clarity. Experian's attempt to invent a textual justification for the district court's ruling does not withstand scrutiny.[16]

Equally unavailing is Experian's reliance on *Doe v. Chao*, 540 U.S. 614 (2004), which Experian cited in opposition to Plaintiffs' Rule 23(f) petition. In *Doe*, the Court construed the Privacy Act of 1974, which contains different statutory language than the FCRA. The Privacy Act provides, in relevant part:

> In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of—

---

[16] Experian also cited *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009 (2020), but that case concerns which standard of causation—"but-for" or "some role"—should be applied to a judicially created cause of action for which a causation element had previously been recognized. *Id.* It provides no support for disregarding the text of a statute.

> (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall **a person entitled to recovery** receive less than the sum of $1,000[.]

5 U.S.C. § 552a(g)(4) (emphasis added). The Court held that "a person entitled to recovery" in the statute referred to the preceding language, a "plaintiff who sustains 'actual damages,'" and thus the statute's guarantee of "the $1,000 minimum" was confined to victims who had suffered "actual damages." *Doe*. 540 U.S. at 620. Emphasizing the centrality of the phrase "a person entitled to recovery" to its decision, the Court reasoned that "the text [of a different remedial statute] is too far different from the language of the Privacy Act to serve as any sound basis for analogy; it does not include the critical limiting phrase 'entitled to recovery.'" *Id.* at 626.

For the same reason, *Doe* cannot be extended to the FCRA. Unlike the Privacy Act, the statutory remedy made available in 15 U.S.C. § 1681n(a)(1)(A) is not limited by the phrase "a person entitled to recovery" or any other phrase that incorporates an "actual damages" element. To the contrary, the disjunctive "or" in § 1681n(a)(1)(A) makes

21

clear that "actual damages" are an alternative to statutory damages, not a prerequisite.

Importantly, *Doe* was "supported by a straightforward textual analysis," 540 U.S. at 620, which the district court failed to conduct here. And, while Experian urges this Court to ignore the entire "actual damages" clause of § 1681n(a)(1)(A), *Doe* rejected a construction of the Privacy Act because it would improperly ignore a clause of the statutory text. 540 U.S. at 623 ("Doe's reading leaves the reference to entitlement to recovery with no job to do, and it accordingly accomplishes nothing.").

Because the district court's ruling conflicts with the plain language of the statute, it should be reversed.

## B. The District Court Misapplied This Court's Precedents.

The district court also failed to follow this Court's precedents construing the FCRA. On numerous occasions, this Court has recognized that a § 1681n(a)(1)(A) claim seeking statutory damages does not require proof of actual damages, contrary to the district court's decision.

In *Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118 (11th Cir. 2006), the plaintiff alleged that the defendant willfully violated §

1681e—the same conduct provision at issue here—but failed to allege "'objectively verifiable harm,' such as injury to his credit rating." *Id.* at 1123. This Court nonetheless held that the plaintiff had "stated a claim for a willful violation of FCRA under § 1681n," because "statutory damages" are available under § 1681n(a)(1)(A) and the plaintiff requested "any and all other relief that the Court deems just." *Id.* at 1123. Critically, after noting that other courts had permitted recovery of actual damages for emotional distress under the FCRA, this Court held that it "need not decide . . . whether FCRA bars recovery for any particular category of compensatory damages, including emotional distress," because the plaintiff had alleged that "Experian's release of his confidential information was a willful violation of FCRA," which alone "is an injury that FCRA clearly recognizes as compensable" under the statutory damages provision of § 1681n(a)(1)(A). *Id.* at 1125.

If actual damages were a required element of *all* willful violation claims under § 1681n(a)(1)(A) (including claims for statutory damages), as the district court held, this Court could not have concluded that the plaintiff in *Levine* stated a claim without first determining whether he had alleged actual damages that are recoverable under the FCRA—

23

contrary to the Court's express statement. *Levine*, therefore, establishes that causation of actual damages is not required to sustain a claim for statutory damages.

This Court also emphasized the FCRA's distinction between actual damages and statutory damages in *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301 (11th Cir. 2009). In that case, this Court rejected a facial excessiveness challenge to § 1681n(a)(1)(A), reasoning that "[t]he current version of FCRA provides that plaintiffs may elect to receive actual damages *or* statutory damages, but not both," and reiterating that § 1681n(a)(1)(A) "specifies that statutory damages may only be awarded in lieu of actual damages." *Id.* at 1313 (emphasis in original). The district court made no effort to reconcile its conclusion that Plaintiffs must prove causation of actual damages with the clear directive of *Harris* that § 1681n(a)(1)(A) "specifies that statutory damages may only be awarded in lieu of actual damages." *Id.*

Instead, the district court relied on an inapplicable decision construing a *different version* of the FCRA. The inapplicable decision is *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151 (11th Cir. 1991). *Cahlin* affirmed summary judgment against a plaintiff who

failed to present evidence that an "alleged inaccurate report caused him harm." *Id.* at 1161. At the time *Cahlin* was decided, § 1681n(a) provided:

> Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of—
>
> (1) Any actual damages sustained by the consumer as a result of the failure;
>
> (2) Such amount of punitive damages as the court may allow; and
>
> (3) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a) (1991). Thus, unlike the current version of the statute, which Congress amended in 1996 to authorize the recovery of statutory damages in lieu of actual damages, *Harris*, 564 F.3d at 1306, the 1991 version that *Cahlin* construed did not provide an alternative to showing "actual damages sustained by the consumer as a result of" the FCRA violation. So, *Cahlin*'s holding as to the necessity of an inaccurate report causing harm, while applicable to a claim brought under the pre-1996 version of the statute—which required actual

damages "as a result of" an FCRA violation—cannot be applied to a claim brought under a different statute that lacks such a requirement for statutory damages.

The district court nonetheless followed *Cahlin* because this Court "has not overturned" it. App. at 8. But the district court's reasoning is flawed because the statute itself changed, so there was no need to overturn *Cahlin*, which correctly construed the *former* statute. In fact, *Cahlin* remains good law with respect to negligence claims, because such claims still require proof of actual damages. *See* 15 U.S.C. § 1681o. Thus, contrary to the inference drawn by the district court, adherence to *Cahlin* in decisions regarding other issues, such as negligence claims, in no way suggests that its holding has been *extended* to the different circumstances of willful violation claims for statutory damages asserted under the amended statute.

Most importantly, since the 1996 amendment, this Court has *never* cited *Cahlin* in a precedential opinion to reject a *willful* violation claim for a lack of causation or actual damages. Rather, *Cahlin*'s appearance in this Court's opinions has been constrained to the rejection of negligence claims (for which it remains good law), or the

26

mere source of a background standard that is recited but not applied in willful violation cases.

As catalogued below, in each of the decisions referenced by the district court (App. 83 at 7–8) or Experian involving a willful violation claim and a citation to *Cahlin*, this Court resolved the case on different grounds, without ever reaching the question of causation or actual damages with respect to the willful violation claim:

- *Losch v. Nationstar Mortgage LLC*, 995 F.3d 937, 947 (11th Cir. 2021), held that the plaintiff failed to establish willfulness, so it never considered causation or damages with respect to the willful violation claim.

- *Erickson v. First Advantage Background Services Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020), held that the plaintiff failed to establish an inaccurate report, so it never considered causation or damages.

- *Nagle v. Experian Information Solutions, Inc.*, 297 F.3d 1305, 1306 (11th Cir. 2002), involved a specific jury finding that the defendant had acted negligently *but not* willfully, and thus is an

27

example of the proper application of *Cahlin* to a negligence claim, which is irrelevant to Plaintiffs' willful violation claim.

- *Ray v. Equifax Information Services, LLC*, 327 F. App'x 819, 825–26 (11th Cir. 2009), *Jackson v. Equifax Information Services, LLC*, 167 F. App'x 144, 146 (11th Cir. 2006), and *Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 918 (11th Cir. 2006), aside from being unpublished and non-precedential, are just like *Nagle*, as they contain no language indicating that the *pro se* plaintiffs adequately alleged willful misconduct, and thus represent the proper and irrelevant application of *Cahlin* to negligence claims.

Thus, the citation to *Cahlin* in such cases—even to declare that causation of actual damages is an element of the claim, when that standard is not applied to decide the case—is either inapplicable or dicta. *See In re BFW Liquidation, LLC*, 899 F.3d 1178, 1187 (11th Cir. 2018) (holding that a "purported requirement [of a statute mentioned in an opinion] was never at issue in the case and it played no role in our decision or reasoning" and thus was dicta). Such "dicta is not binding on anyone for any purpose." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010).

28

Unlike these inapposite decisions, the opinions in *Levine*, 437 F.3d at 1123, and *Harris*, 564 F.3d at 1313, as discussed above, represent binding precedent. This Court's interpretation of the requirements of § 1681n(a)(1)(A) was necessary in *Levine* to conclude that the plaintiff had stated a claim, 437 F.3d at 1123, and in *Harris* to uphold the statute, 564 F.3d at 1313. These two decisions, both of which confirm that causation of actual damages is not an element for a willful violation claim seeking statutory damages, demonstrate the district court's error.

### C. The District Court's Decision Conflicts With Precedents From The Supreme Court And Numerous Circuit Courts

The Supreme Court has repeatedly acknowledged the distinction between actual damages and statutory damages under the FCRA. In *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), the Court observed that "[i]f a violation is negligent, the affected consumer is entitled to actual damages. If willful, however, the consumer may have actual damages, *or* statutory damages ranging from $100 to $1,000, and even punitive damages." *Id.* at 53 (internal citations omitted and emphasis added). Likewise, in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the

Court held that § 1681n(a)(1)(A) allows for "*either* 'actual damages' *or* statutory damages of $100 to $1,000 per violation." *Id.* at 335 (quoting § 1681n(a)(1)(A)) (emphasis added).  And just last year, in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Court reiterated that a defendant who willfully violates the FCRA is liable "for actual damages *or . . .* statutory damages." *Id.* at 2200–01 (emphasis added).

The district court refused to follow *TransUnion* because it concerned standing.  (App. 147 at 9.)  But *TransUnion*'s standing analysis further undermines Experian's position. Experian relied on an earlier standing decision to argue that actual damages should be an element of an FCRA claim because "[t]he FCRA is not concerned about technical inaccuracies that have no real-world harm." DE No. 50 at 4. The *TransUnion* decision forecloses that attack when a defendant has disseminated inaccurate information to third parties. The Supreme Court held that all 1,853 class members whose inaccurate credit reports were disseminated to third parties "suffered a concrete harm that qualifies as an injury in fact."  141 S. Ct at 2209.  The evidence presented at class certification likewise establishes that Experian disseminated inaccurate information about every member of the

proposed class to third parties. (DE 134 at 12 n.44–46; DE 135 at 3–4.)
So, the proposed class here is in the same position as the 1,853-member
class the Court considered in *TransUnion*.

In addition, the class in *TransUnion* did not and could not prove
actual damages or causation, as it only sought "statutory and punitive
damages," and aside from the sole class representative, no evidence was
presented at trial "about the experiences of [the] other members of the
class." 141 S. Ct. at 2202. This was permissible and raised a ripe
question of standing only because, as the Court observed, the FCRA
allows plaintiffs to recover "actual damages *or* . . . statutory damages"
for willful violations of the statute. *Id.* at 2200–01 (emphasis added).
This statutory framework—which is irreconcilable with the legal
standard applied by the district court—formed the basis of the Supreme
Court's decision. The district court erred in refusing to follow
*TransUnion*.

The district court's error is further evident from the conflicting
decisions of numerous circuit courts holding that an FCRA willful
violation claim does not require proof of causation of actual damages.
*See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1111 (9th Cir. 2017) (FCRA

31

gives consumers "the right to sue (and to recover statutory damages) for willful violations even if the consumer cannot show that the violation caused him to sustain any actual damages"); *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 499 (8th Cir. 2014) (concluding that "the plain language of [§ 1681n(a)(1)(A)] permits recovery of statutory damages in the absence of actual damages"), *abrogated in part on other grounds by Spokeo, Inc.*, 578 U.S. at 336; *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011) (holding that a "consumer need not prove actual damages if the violation is willful, but may recover punitive damages and statutory damages"); *Stillmock v. Weis Markets, Inc.*, 385 F. App'x 267, 273 (4th Cir. 2010) (unpublished) (holding that a putative class action for statutory damages could be brought even though "none suffered actual damages"); *Beaudry*, 579 F.3d at 705–06 ("Because 'actual damages' represent an *alternative* form of relief and because the statute permits a recovery when there are no identifiable or measurable actual damages, [§ 1681n(a)(1)(A)] implies that a claimant need not suffer (or allege) consequential damages to file a claim."); *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952–53 (7th Cir. 2006)

(FCRA's statutory damages provide "modest damages without proof of injury").

The district court, therefore, erred in holding that Plaintiffs must prove a denial of credit (or other actual damages) for a statutory damages claim. As explained above, such a holding conflicts with the statutory text and prevailing precedent.

## II. AS A RESULT OF ITS LEGAL ERROR, THE DISTRICT COURT ABUSED ITS DISCRETION IN CONCLUDING THAT PLAINTIFFS FAILED TO SATISFY RULE 23(b)(3)'s PREDOMINANCE REQUIREMENT.

Rule 23(b)(3)'s predominance standard requires a finding that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (internal quotation marks omitted). It is not necessary that *all* questions of fact or law be common, so long as the common questions predominate over individual ones. *Klay v. Humana,*

33

*Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004). In other words, "[t]he predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods*, 577 U.S. at 453 (internal quotation marks omitted). The requirement "is met when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis." *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1260 (11th Cir. 2003).

The district court's sole basis for finding that the predominance requirement was not satisfied, and thus denying class certification, was its belief that each class member would need to prove actual damages, such as a denial of credit, caused by an inaccurate credit report, even though Plaintiffs and the class have only sought statutory damages. App. 147 at 7–8, 9. The court explained that proving actual damages would necessitate "individual discovery" as to why "each class member" was denied credit, followed by "an individual and highly factual determination," which "cannot be resolved efficiently on a class-wide basis." App. 147 at 9–10. The court therefore concluded that such

individualized issues across a "purported class of 2.1 million consumers precludes class treatment." App. 147 at 9.

As explained above, however, the district court's analysis rests entirely on the wrong legal standard: in an action for *statutory* damages under § 1681n(a)(1)(A), a plaintiff need not prove that he was denied credit or suffered actual damages as a result of the inaccurate credit report. *See supra*, pp. 15–33. This foundational legal error threw off the district court's predominance inquiry. Because each Plaintiff and class member, contrary to the district court's erroneous belief, need *not* "show a denial of credit" to recover statutory damages, there is no need to engage in the "individual and highly factual determination[s]" that the district court believed would "preclude[] class treatment." App. 147 at 9. The district identified no other obstacle to class certification. *Id.*

Because the district court applied the wrong legal standard to deny class certification, it abused its discretion. *Sellers v. Rushmore Loan Mgmt. Servs., LLC*, 941 F.3d 1031, 1038 (11th Cir. 2019) (holding that this Court will "find an abuse of discretion if the [d]istrict [c]ourt applies the wrong legal standard") (internal quotation marks omitted). This Court should therefore vacate the district court's order denying

35

class certification and remand the case so that "the district court may decide in the first instance" whether to grant class certification based on the correct legal standard. *Id.* at 1042.

It is clear, moreover, that under the correct legal standard, Plaintiffs satisfy the Rule 23(b)(3) requirement. Experian engaged in the same conduct with regard to each class member: it automatically deleted payment-history information for all 2.1 million class members' ARS accounts, which resulted in the misreporting of when those accounts entered collections status, and then disseminated those inaccurate credit reports to third parties. *See supra*, pp. 4–6. Whether Experian's uniform conduct constitutes a willful violation of the FCRA under § 1681n(a)(1)(A) is a question common to all class members. It will be answered with the same "generalized, class-wide proof" of Experian's conduct for each class member. *Tyson Foods,* 577 U.S. at 453. Because this common question and evidence will have a direct, identical impact on every class member's ability to establish liability and entitlement to relief, common issues predominate. *Allapattah Servs.,* 333 F.3d at 1260.

For this reason, both the Fourth and Seventh Circuit have ruled that the predominance requirement is satisfied for FCRA claims seeking statutory damages, like those asserted here. *See Stillmock*, 385 Fed. App'x at 272–73 (concluding that action for statutory damages under § 1681n(a) satisfied the predominance requirement of Rule 23(b)(3)); *Murray*, 434 F.3d at 952–53 (stating that "Rule 23(b)(3) was designed for situations such as this," where plaintiffs seek statutory damages rather than compensatory damages "in order to achieve class certification").

District courts within this Circuit and across the country have reached the same conclusion. *See, e.g., Legg v. Spirit Airlines, Inc.*, 315 F.R.D. 383, 391 (S.D. Fla. 2015) (holding that FCRA claim satisfied the "predominance requirement because all the putative class members' claims stem from the same programming error" and "class members' actual damages are . . . . not a concern because Plaintiff seeks only statutory damages"); *McIntyre v. RealPage, Inc.*, 336 F.R.D. 422, 437–38 (E.D. Pa. 2020) (citing cases where courts "have found common issues predominating in FCRA class actions seeking only statutory damages"); *Reyes v. Experian Info. Sols., Inc.*, No. 16-cv-00563, 2019 WL 4854849,

at *9 (C.D. Cal. Oct. 1, 2019) (certifying FCRA claim "only seeking statutory damages" under Rule 23(b)(3)); *Feliciano v. CoreLogic Rental Prop. Sols., LLC*, 332 F.R.D. 98, 107 (S.D.N.Y. 2019) (same).

And even if individualized issues existed as to damages, that would not be sufficient to defeat class certification under Rule 23(b)(3). *See, e.g.*, *Tyson Foods*, 577 U.S. at 453 ("[T]he action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.") (internal quotation marks omitted); *Allapattah*, 333 F.3d at 1261 ("[N]umerous courts have recognized that the presence of individual damages issues does not prevent a finding that the common issues in the case predominate.").

Nor can the district court's denial of class certification be affirmed on the ground that individualized standing issues defeat predominance, as Experian incorrectly suggested in response to Plaintiffs' Rule 23(f) petition. For starters, the district court never accepted Experian's standing argument, so even if it had merit—and it does not for the reasons discussed below—the case should be remanded for the district

court to address it in the first instance, in light of the correct interpretation of the FCRA. *See Sellers*, 941 F.3d at 1042 (vacating class certification denial and remanding "so that the district court may reconsider whether common questions of law or fact predominate" under the correct legal standard); *Brown v. Electrolux Home Prod., Inc.*, 817 F.3d 1225, 1240 (11th Cir. 2016) (vacating class certification decision, remanding case, and "express[ing] no view on this issue [of predominance] and leav[ing] it to the discretion of the district court, where it belongs").

Alternatively, Experian's argument can simply be rejected because it conflicts with the record and the law.  Experian claims that most class members lack standing because their inaccurate credit reports were disseminated to third parties (e.g., potential creditors) in a computer-readable format, meaning that a person could not have read them. But Plaintiffs' theory of injury does not depend on having a person, as opposed to a computer, review the inaccurate credit reports that Experian disseminated.  Nor does the FCRA's requirement that Experian maintain reasonable procedures to ensure maximum possible

39

accuracy of reported information depend on whether the reported information is viewed by a person or a computer.

In contrast to the strawman that Experian attacks, Plaintiffs' theory of injury is that Experian willfully disseminated to third parties materially inaccurate information about Plaintiffs' creditworthiness. As explained above, Experian's discovery admissions make clear that, during the class period, it systematically and intentionally erased payment history information for 2.1 million ARS accounts. *See supra* pp. 4-6. The automated deletion of this data caused the "Date of Status"—an Experian-generated date that alerts third parties to the date that the account entered collections status—on all ARS accounts to erroneously display the current month, every month, in credit reports sent to third parties who were looking to make credit decisions— whether through computerized or manual processes. *Id.* In other words, the record establishes that Experian systematically and intentionally informed third parties that Plaintiffs and 2.1 million class members had recently defaulted on their payment obligations. In disseminating such inaccurate, material information to third parties negatively reflecting the creditworthiness of Plaintiffs and class members, Experian's willful

40

and wrongful conduct inflicted the same harm on all Plaintiffs and class members. *Id.*

The Supreme Court, in *TransUnion*, 141 S. Ct. 2190, removed all doubt as to whether such an injury is sufficient to provide Plaintiffs and the class with Article III standing to pursue a claim for statutory damages under the FCRA. The Court held that all 1,853 class members "whose [inaccurate] reports were *disseminated to third parties* suffered a concrete injury in fact under Article III." *Id.* at 2209 (emphasis added). Nothing in the Court's decision turned on the reaction of third parties to the inaccurate information, or whether computers or humans received the inaccurate disclosures—all that mattered was the dissemination or publication to third parties.

Here, the evidence presented at class certification—including the admissions of Experian's own Rule 30(b)(6) witnesses—likewise establishes that Experian disseminated inaccurate information about every member of the proposed class to third parties. *See* DE 134 at 12 n.44–46; DE 135 at 3–4. So, the proposed class here is in the same position as the 1,853-member class the Court considered in

41

*TransUnion*. Given *TransUnion*, there is no colorable claim that any class member lacks standing.

Indeed, even the district court recognized that "there is no dispute regarding standing here." App. 147 at 9. As the district court found, "[t]here is no question that a plaintiff has standing to bring a suit under the FCRA if there was a dissemination of a material inaccurate statement in his credit report." App. 147 at 9; *see also Robins,* 867 F.3d at 1114 ("[T]he dissemination of false information in consumer reports can itself constitute a concrete harm."); *Muranksy v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 926–27 (11th Cir. 2020) (en banc) (recognizing that "an allegedly inaccurate statement in a plaintiff's credit report" satisfies the concrete harm requirement for standing). This case does not present individualized standing issues that preclude class certification under Rule 23(b)(3).

In sum, the district court abused its discretion in applying the wrong legal standard to conclude that individualized determinations about actual damages precluded Plaintiffs from satisfying Rule 23(b)(3)'s predominance requirement. Accordingly, this Court should

reverse the district court's denial of class certification and remand for further proceedings, consistent with this Court's opinion.

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's denial of class certification and remand for further proceedings.

Respectfully submitted,

Peter Prieto
Matthew P. Weinshall
**Podhurst Orseck, P.A.**
Suntrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
pprieto@podhurst.com

Dennis McCarty
Jonathan Raburn
**McCarty & Raburn PLLC**
2931 Ridge Road, Suite 101 #504
Rockwall, Texas 75032
dennismccartylaw@gmail.com

Roland Tellis
**Baron & Budd, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
rtellis@baronbudd.com

Catherine H. Dorsey
**Baron & Budd, P.C.**
600 New Hampshire Ave., NW
Suite 10-A
Washington, DC 20037
cdorsey@baronbudd.com
202-286-4835

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 8,289 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2013 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*s/ Matthew P. Weinshall*
MATTHEW P. WEINSHALL

44

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2022, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*s/ Matthew P. Weinshall*
MATTHEW P. WEINSHALL